**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 2008-98 (WOB)**

**BRENDA TUCKER**                                                           **PLAINTIFF**

**VS.**                                **OPINION and ORDER**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY**                       **DEFENDANT**


This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 9) and the cross-motion for summary judgment of the defendant (Doc. 10).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390 (1971).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached."  Alexander v. Apfel, 17 Fed. Appx. 298, 300 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

In order to qualify for benefits, the claimant must establish that she is disabled within the meaning of the Social Security Act.  42 U.S.C. § 423(a)(1)(D).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity." Id. at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate She suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities." Id. (citing 20 C.F.R. §§404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work. Id. Lastly, even if the claimant cannot perform her past relevant work, she is not disabled if she can perform other work which exists in the national economy. Id. (citing Abbott, 905 F.2d at 923).

2

The claimant has the burden of establishing she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of the hearing, the claimant was forty-four years old and completed the eighth grade taking special education classes.  She has no past employment and is functionally illiterate with limited math abilities.  The claimant alleges she became disabled on November 1, 2005 due to the effects of diabetes, high blood pressure, high cholesterol, back pain, and psychological problems.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert.  Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that claimant has never been engaged in substantial gainful activity. At step two, the ALJ determined that the claimant's physical problems do not constitute severe impairments, but that her depression and borderline intellectual functioning are severe. At step three, the ALJ determined that, although claimant has impairments that are "severe," she does not have an impairment or combination thereof that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1.

Prior to step four, the ALJ determined that the claimant has the physical residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but that she is

3

limited by her illiteracy and borderline intellectual functioning.  Specifically, the ALJ found that the claimant is moderately limited in her ability to maintain attention and concentration for extended periods, to interact appropriately with the general public, to respond appropriately to changes in the work setting, and to understand, remember, and carry out detailed instructions.  The ALJ found that the claimant can understand, remember, and carry out simple instructions for two-hour segments over an eight-hour workday, five days per week. The claimant can also relate adequately in an object-focused setting and adapt to changes and pressures of a routine setting. The ALJ further found that the claimant's mental limitations require that she receive hands-on or oral instructions.

At step four, the ALJ found that the claimant has no past relevant work and, therefore, moved on to step five.  At step five, the ALJ asked the vocational expert a hypothetical question incorporating the claimant's age, education, lack of work history and limitations as found credible by the ALJ.  The vocational expert opined that, given these factors, a significant number of jobs existed in the national economy for which the claimant could perform, including the following: at the medium level, laundry worker, 4,400 jobs in Kentucky and 78,000 jobs in the nation, and hand packer, 10,000 jobs in Kentucky and 127,000 jobs in the nation; at the light level, grader/sorter, 3,900 jobs in Kentucky and 67,000 jobs in the nation, and hand packer, 16,000 jobs in Kentucky and 209,000 jobs in the nation; and, at the sedentary

4

level, assembler, 10,300 jobs in Kentucky and 163,000 jobs in the nation, and inspector, 4,300 jobs in Kentucky and 76,000 jobs in the nation.  Based on this testimony, the ALJ found that the claimant was not disabled prior to the date of the decision.

The claimant's only argument on appeal is that the ALJ had a duty to recontact the licensed psychological practitioner, Jody Blackburn, a consulting examiner, upon finding that her opinion was not supported by the objective evidence.  In support of her argument, the claimant cites cases from other districts that involve an ALJ's failure to obtain missing records or required testing from a medical source.  See Perkins v. Apfel, 101 F. Supp.2d 365, 377 (D. Md. 2000) (error for ALJ not to recontact doctor to obtain activity form that was not in record); Dyson v. Massanari, 149 F. Supp. 2d. 1018, 1026 (N.D. Ill. 2001) (ALJ must obtain missing information from a medical source and account for the absence of any test which is necessary for a consultant to make a disability determination).

The duty to recontact a medical source, however, is not triggered unless the evidence is "inadequate or incomplete."  20 C.F.R. § 416.919p(b); Littlepage v. Chater, 1998 WL 24999 (6th Cir. 1998)(construing similar provision regarding recontacting treating source, court found ALJ properly discounted report not supported by record and did not err by not recontacting source for clarification); Thompson v. Astrue, No. 07-112, 2008 WL 89954 (E.D. Ky. Jan. 8, 2008) (it is the inadequacy of the record which triggers the obligation to recontact the treating physician);

5

Stephens v. Astrue, No. 07-188, 2008 WL 80210 (E.D. Ky. Jan. 4, 2008) (same).

Here, the ALJ reviewed the medical records and found that the objective medical evidence did not support Blackburn's overly restrictive opinion that "[i]t seems unlikely that [claimant] would be able to acquire marketable skills that would allow for gainful employment given her cognitive functioning and academic skills." (AR 191).  In fact, as the ALJ explained, Blackburn's own report was inconsistent with her opinion.  The ALJ stated:

> The evaluating psychologist's opinion [that] the claimant could not make adjustments sufficient to perform regular work is not given great weight given the inconsistency between this opinion and the ratings of impairment detailed in the psychologist's report (Exhibit 7F).  While the evaluating psychologist states the claimant would have poor ability to deal with stress, her ability to sustain attention, relate to others, and understand, retain and follow directions were rated as fair (Id.).  In addition, the objective findings do no[t] support an opinion of poor ability to deal with work stress.
>
> The treatment record does not contain any objective findings indicating abnormal mental status, and the claimant has been found to have an appropriate mood and normal social interaction during evaluation.  In fact, the only abnormality in mental status mentioned in the record occurred when the claimant appeared to be malingering.  As the evaluating psychologist's opinion is not consistent with the objective findings of record, the undersigned has given the same little weight.

(AR 20-21).

The court finds that the record before the ALJ was not incomplete or inadequate.  Jody Blackburn's complete assessment is in the record.  There is no evidence that Blackburn had any additional information that might have led to a different result or that she failed to obtain any testing required for a

6

disability determination.  In addition, the claimant has not set forth what evidence the ALJ would have discovered had he recontacted Blackburn.  The court finds that the record was not incomplete or inadequate for the ALJ to determine the issue of disability.  Accordingly, the ALJ was not obligated to recontact consulting examiner Blackburn under 20 C.F.R. § 416.919p(b).

The court further finds that the ALJ considered the record as a whole, including a previous psychological evaluation evidencing malingering, claimant's testimony, and the evidence of her activities of daily living. The ALJ also considered Blackburn's assessment, including her conclusions that the claimant is functionally illiterate, has a global assessment functioning score of 65, which is indicative of mild dysfunction[1], has a fair ability to understand, retain and follow instructions, sustain attention, and relate to others.  The ALJ gave little weight only to Blackburn's unsupported opinion that the claimant could not make adjustments to perform regular work. The court finds substantial evidence exists to support the ALJ's decision.

As discussed above, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support

---

[1]See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court holds that the findings of the ALJ are supported by substantial evidence.  Accordingly, the claimant is not disabled within the meaning of The Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** as follows:

1.  That the administrative decision be, and it hereby is, **affirmed** pursuant to sentence four of 42 U.S.C. § 405(g);

2.  That the motion for summary judgment of the plaintiff (Doc. 9) be, and it hereby is, **denied**;

3.  That the cross-motion for summary judgment of the Commissioner (Doc. 10) be, and it hereby is, **granted**; and

4.  That a separate Judgment shall enter concurrently herewith.

This 5th day of September, 2008.



Signed By:

*William O. Bertelsman* WOB

United States District Judge